COPYLEASE CORPORATION OF
AMERICA, Plaintiff,

v.

MEMOREX CORPORATION,
Defendant.

No. 75 Civ. 2455.

United States District Court,
S. D. New York.

Feb. 10, 1976.

Gordon, Hurwitz, Butowsky, Baker, Weitzen & Shalov, New York City, for plaintiff; Franklin B. Velie, New York City, of counsel.

Cahill, Gordon & Reindel, New York City, John R. Vaughan, Thomas J. Kavaler, New York City, of counsel.

## MEMORANDUM

LASKER, District Judge.

By Memorandum Opinion dated November 12, 1975, 403 F.Supp. 625, we determined that Memorex Corporation (Memorex) breached its contract with Copylease Corporation of America (Copylease) for the sale of toner and developer and directed the parties to submit proposed judgments with supporting documentation relating to the availability of injunctive relief, or, more precisely, specific performance. We have studied the submissions and conclude that further testimony is necessary to determine the propriety of such relief.

Memorex takes the position that under California law Copylease is not entitled to specific performance of this contract. Copylease argues that the remedy is available—if not under California law, then under our general federal equitable powers.

It is not settled whether a federal court in a diversity case may grant equitable relief which is unavailable under the law of the state governing the substantive rights of the parties. See, e. g., *Kaiser Trading Co. v. Associated Metals & Minerals Corp.*, 321 F.Supp. 923, 931 n. 14 (N.D.Cal.1970) and cases cited there. The few relevant cases in this Circuit suggest that state law governs, *Franke v. Wiltschek*, 209 F.2d 493, 496–97 (2d Cir. 1953); *Port of New York Authority v. Eastern Airlines, Inc.*, 259 F.Supp. 745, 753 (E.D.N.Y.1966), although the question remains open. *Columbia Nastri & Carta Carbone v. Columbia Ribbon &*

*Carbon Mfg. Co.,* 367 F.2d 308, 313 n. 5 (2d Cir. 1966). The view that state law controls is vigorously advocated by Professor Moore as the only result consistent with the Erie Doctrine, 2 J. Moore, Federal Practice ¶ 2.09, at 451–56 (2d ed. 1975), and Professors Wright and Miller agree at least that where the remedy sought is "inextricably interwoven with the substantive right being sued upon," the federal court should be bound by state law. 11 C. Wright & A. Miller, Federal Practice and Procedure: Civil § 2943, at 389 (1973). On the strength of the foregoing authority we are inclined to agree with Memorex that the law of California controls the issuance of the equitable relief sought here by Copylease.

■ We also agree with Memorex that the provision in the contract granting Copylease an exclusive territory, on which Copylease places primary reliance in its request for specific performance, is not in itself an adequate basis under California law for an award of such relief. *Long Beach Drug Co. v. United Drug Co.,* 13 Cal.2d 158, 88 P.2d 698, 89 P.2d 386 (1939). California law does not consider a remedy at law inadequate merely because difficulties may exist as to precise calculation of damages. *Hunt Foods, Inc. v. Phillips,* 248 F.2d 23, 33 (N.D.Cal.1957) (applying California law); *Thayer Plymouth Center, Inc. v. Chrysler Motors Corp.,* 255 Cal.App.2d 300, 63 Cal.Rptr. 148, 152 (4th Dist.Ct. App.1967) and cases cited there. *Long Beach Drug* and *Thayer Plymouth* also demonstrate the more fundamental refusal of California courts to order specific performance of contracts which are not capable of immediate enforcement, but which require a "continuing series of acts" and "cooperation between the parties for the successful performance of those acts." *Thayer Plymouth Center, Inc. v. Chrysler Motors Corp., supra,* 255 Cal.App.2d at 303, 63 Cal.Rptr. at 150; *Long Beach Drug Co. v. United Drug Co., supra,* 13 Cal.2d 158, 88 P.2d 698, 703–05, 89 P.2d 386. Absent some ex-

ception to this general rule, therefore, Copylease will be limited to recovery of damages for the contract breach.

■ An exception which may prove applicable to this case is found in Cal.U. C.C. § 2716(1). That statute provides that in an action for breach of contract a buyer may be entitled to specific performance "where the goods are unique or in other proper circumstances." Cal.U.C.C. § 2716(1) (West 1964). In connection with its claim for interim damages for lost profits from the time of the breach Copylease argues strongly that it could not reasonably have covered by obtaining an alternative source of toner because the other brands of toner are distinctly inferior to the Memorex product. If the evidence at the hearing supports this claim, it may well be that Copylease faces the same difficulty in finding a permanent alternative supplier. If so, the Official Comment to § 2716 suggests that a grant of specific performance may be in order:

> "Specific performance is no longer limited to goods which are already specific or ascertained at the time of contracting. The test of uniqueness under this section must be made in terms of the total situation which characterizes the contract. Output and requirements contracts involving a particular or peculiarly available source or market present today the typical commercial specific performance situation . . . However, uniqueness is not the sole basis of the remedy under this section for the relief may also be granted 'in other proper circumstances' and *inability to cover is strong evidence of 'other proper circumstances.'"* Cal.U.C.C. § 2716, Comment 2 (West 1964). (emphasis added)

If Copylease has no adequate alternative source of toner the Memorex product might be considered "unique" for purposes of § 2716, or the situation might present an example of "other proper cir-

cumstances" in which specific performance would be appropriate.

If such a showing is made it will be necessary to reconcile California's policy against ordering specific performance of contracts which provide for continuing acts or an ongoing relationship with § 2716 of the Code. Although we recognize that the statute does not require specific performance, the quoted portion of the Official Comment seems clearly to suggest that where a contract calls for continuing sale of unique or "noncoverable" goods this provision should be considered an exception to the general proscription. Output and requirements contracts, explicitly cited as examples of situations in which specific performance may be appropriate, by their nature call for a series of continuing acts and an ongoing relationship. Thus, the drafters seem to have contemplated that at least in some circumstances specific performance will issue contrary to the historical reluctance to grant such relief in these situations. If, at the hearing, Copylease makes a showing that it meets the requirements of § 2716, the sensible approach would be to measure, with the particulars of this contract in mind, the uniqueness or degree of difficulty in covering against the difficulties of enforcement which have caused courts to refrain from granting specific performance. It would be premature to speculate on the outcome of such analysis in this case.